# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 3371 | DATE | 10/14/2004 |
| CASE TITLE | NONA FARRAR vs. MUHAMMAD ELDIBANY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendants' motions to dismiss are granted. Plaintiff's "Second Further Amended Complaint" is dismissed. Plaintiff's remaining motions for sanctions, for an order to halt tampering with evidence, and to add a spoilation claim and for the Court to take judicial notice that the unidentified building inspectors has been served as an unidentified defendant thru Corporation Counsel are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 15 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 28 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | OCT date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NONA FARRAR, )
)
)
Plaintiff, )
)
vs. ) No. 04 C 3371
)
MUHAMMAD ELDIBANY - defendant )
in his individual and official capacity; )
et al., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Nona Farrar brought this action against her landlord, Muhammad Eldibany; his company, Drexel Courts LLC; the property management company that he employs, Preferred Hyde Park Properties (Preferred Properties); its employee, Ann Majoric; the City of Chicago; and unknown city building inspectors. Plaintiff's eleven-count "Second Further Amended Complaint" (complaint) alleges defendants denied her Constitutional rights, violated federal law, and committed a variety of torts. Plaintiff's allegations arise out of a dispute with her landlord over a lack of heat and hot water in her apartment. In three separate motions, all defendants have moved to dismiss plaintiff's claims. Defendants' motions are granted.

## BACKGROUND

The following facts, taken from plaintiff's complaint, are, for purposes of this motion, accepted as true. During the years that plaintiff has lived in one of Eldibany's apartment buildings she has complained to her landlord on numerous occasions that her apartment was without heat on cold days. In November 2003, Preferred Properties began to manage the building where plaintiff resides. Sometime thereafter, plaintiff contacted Preferred Properties

to complain that she had no heat. Plaintiff spoke with Majoric, who allegedly doubted that plaintiff did not have heat and discouraged her from lodging further complaints. When plaintiff threatened to deduct money from her rent payment due to the lack of heat, Majoric warned that plaintiff would be evicted if she didn't pay the full rent. Plaintiff later learned that she did not have heat because the building's boiler was unable to heat the whole building and was being replaced. Due to the boiler replacement, plaintiff claims she was without heat for three days and without hot water for four days.

Plaintiff alleges that she called building inspectors from the City of Chicago to complain about her lack of heat both before and after Preferred Properties began to manage her building. She states that one inspector responded to her complaint and dismissed it, even though she was not home to let him inspect her apartment. Another inspector failed to cite any of the defendants for a violation, even though she showed the inspector a building notice informing the tenants that the boiler was being replaced and that as a result there would be no heat for three days.

Plaintiff alleges that before she signed her current lease, she and Eldibany agreed that she would repay a debt of $700 (presumably unpaid rent) when she could afford it. In February 2004, after her complaints regarding her lack of heat and hot water, plaintiff received a letter from a debt collector seeking payment of the $700 she owed. Plaintiff also received a five-day notice that set her rent at $980 a month, even though her lease fixed rent at $630 a month until 2005. Three months later, on May 12, 2004, plaintiff filed her initial complaint against defendants in federal court.

## DISCUSSION

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the sufficiency of the complaint, not the merits of the case. Triad Assocs., Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989). In deciding a motion to dismiss, the court must assume the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Despite the limited grounds for dismissal, "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense." Hoskins v. Poelstra, 320 F.3d 761, 763 (7th Cir. 2003).

Plaintiff has brought a number of claims against various defendants for violation of her constitutional rights under the First Amendment (Counts VIII and IX) and Fourteenth Amendment (Counts I, IX, and X). She has also alleged that certain defendants conspired to deny her these constitutional rights (Count II). These claims fail because "the conduct of private parties lies beyond the Constitution's scope in most instances." Morfin v. City of East Chicago, 349 F.3d 989, 1003 (7th Cir. 2003). A private citizen is not subject to liability for constitutional violations, unless his alleged violation stems from the "exercise of a right or privilege having its source in state authority" and the private party can be described as a state actor. Id. Plaintiff's complaint, even if accepted as true, fails to establish either of these conditions for the constitutional claims against defendants.

Plaintiff's claims against Eldibany, Drexel Courts, Preferred Properties, and Majoric, stem from the ownership and management of rental property. Defendants' management of the

property is not a right or privilege that rests in state authority. Governmental authority is not necessary to replace a boiler, negotiate with tenants, or demand rent payments. Plaintiff attempts to establish a nexus between Eldibany, Drexel Courts and the state by alleging that her landlord was receiving government funds for the apartment building. Governmental funding does not transform the conduct of private parties into state action. *See* Wade v. Byles, 83 F.3d 902 (7th Cir. 1996)(affirming that a private security guard's shooting of the plaintiff was not a state action, even though the Chicago Housing Authority contracted the guard's employer to secure public housing lobbies). Nor can any of these defendants be reasonably described as state actors. The Seventh Circuit has identified two circumstances under which a private party is held responsible as a state actor: 1) "where the state effectively directs or controls the actions of a private party" to the extent that the state is responsible for his decisions, or 2) where "the state delegates a public function to a private entity." Payton v. Rush-Presbyterian-St. Luke's Medical Center, 184 F.3d 623, 628 (7th Cir. 1999). Neither circumstance applies to these defendants.

Plaintiff brings her equal protection (Count I), conspiracy (Count II), First Amendment retaliation (Count VIII), and Fourteenth Amendment (Count X) claims against unidentified City of Chicago building inspectors as well. She also brings Counts VIII and X against the City of Chicago. While the building inspectors are state actors, *see* New Jersey v. T.L.O., 469 U.S. 325, 335 (1985), plaintiff's claims against them still fail. She alleges that the unknown building inspectors failed to sufficiently respond to her claims regarding a lack of heat, treating her differently from others similarly situated. To state an equal protection violation against a state actor plaintiff must allege discrimination based on her membership in a particular protected

class. *See* Hernandez v. Joliet Police Department, 197 F.3d 256, 261-62 (7th Cir. 1999). Plaintiff does not allege that the building inspectors treated her differently due to her membership in a certain group, racial or otherwise. Rather, as she makes clear in her Monell claim (Count III) against the City of Chicago, which will be discussed below, she alleges that inadequate inspections were, in effect, city policy. Plaintiff has failed to state an equal protection claim against the building inspectors.

Likewise, her conspiracy claim against the inspectors also fails. For the building inspectors to be liable for conspiracy, plaintiff must establish that they conspired with one another or with others to violate her civil rights. *See* Williams v. Seniff, 342 F.3d 774 (7th Cir. 2003); 42 U.S.C. § 1985. Though plaintiff presumptively states that defendants "conspire[d] to violate plaintiff's constitutional rights," she does not identify any constitutional violations. As explained above, plaintiff has not alleged an equal protection violation against the inspectors, nor has she alleged a conspiracy to commit such a violation. Read most liberally, plaintiff's complaint alleges that the inspectors conspired with other defendants to deprive her of heat and hot water. Access to heat and hot water is not a constitutional right.

Plaintiff's claims against the City of Chicago and its building inspectors for violating her First and Fourteenth Amendment rights also fail. Count VIII alleges that she received a collection letter, a five-day notice, and was locked out of the laundry room as a result of her complaints regarding her lack of heat. Plaintiff does not claim that the building inspectors or the city were involved in these actions. Her only allegation is that the building inspectors did not properly investigate her complaints. Count X alleges that plaintiff did not receive a new key after the locks were changed on her building's laundry room. She maintains this was a

violation of her Fourteenth Amendment rights and seeks compensatory and punitive damages from all defendants. Neither of these counts states a claim against the city or its inspectors for violation of constitutional rights.

As noted above, plaintiff also brings a <u>Monell</u> claim (Count III) against the city. In <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658, 694 (1978), the Supreme Court held that local governing bodies can be sued under 42 U.S.C. § 1983 when plaintiff's constitutional injury results from the local government's policies or customs. Plaintiff alleges that her constitutional rights were violated by the City of Chicago's custom of improperly investigating heating complaints. Once again plaintiff equates her apartment's lack of heat with the violation of a constitutional right. Essentially, plaintiff alleges that the city's building inspectors failed to perform their job, thus allowing her landlord to deprive her of heat and hot water. As <u>DeShaney v. Winnebago County Department of Social Services</u>, 489 U.S. 189, 202 (1989), made clear, a local government's failure to protect a citizen from harm by a private individual is not a due process violation. While plaintiff's complaint may assert incompetence by city workers, it does not assert a § 1983 <u>Monell</u> claim.

Plaintiff's claim under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, (Count XI), is also dismissed. Plaintiff relies on §§ 3604(b) and 3617 to support her claim. Section 3604(b) of the Act makes it illegal to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." Section 3617 makes it illegal to intimidate anyone wh is exercising a right guaranteed under § 3604. 42 U.S.C. § 3617. The Seventh Circuit has interpreted § 3604 to prohibit discrimination in services

related to the acquisition of housing, not the maintenance of housing. <u>Halprin v. Prairies Single Family Homes of Dearborn Park Association</u>, 208 F.Supp.2d 896 (N.D.Ill. 2002)(*citing* <u>Southend Neighborhood Improvement Association v. St. Clair County</u>, 743 F.2d 1207, 1210 (7th Cir. 1984)). Plaintiff alleges that defendants violated the statute by denying her heat and hot water – a service associated with the maintenance of her apartment and therefore outside the scope of the statute. Even if plaintiff's heat and hot water were services covered by the Fair Housing Act, her own pleadings make clear that the lack of those services was the result of a boiler replacement, which affected all tenants in her building, regardless of their race.

Four of plaintiff's claims remain – negligence (Count IV), intentional infliction of emotional distress (Count V), *respondeat superior* (Count VI), and willful and wanton conduct(Count VII). Count VI alleges that *respondeat superior* renders Ann Majoric's employer, Preferred Properties, liable for her actions. While the doctrine of *respondeat superior* does impose liability on an employer for its employee's wrongful actions, it is not a separate cause of action. Plaintiff does not allege any wrongful acts in Count VI by Majoric, so that count is dismissed. Counts IV, V, and VII are all state law claims. As there are no viable federal claims against any of the defendants, we relinquish jurisdiction over plaintiffs' pendent state law claims and dismiss plaintiff's complaint. <u>Wright v. Associated Insurance Companies</u>, 29 F.3d 1244, 1252 (7th Cir. 1994)("Thus, the general rule is that, when all federal-law claims are dismissed before trial, the pendent claims should be left to the state courts."). As a result, plaintiff's motions – for sanctions, for an order to halt tampering with evidence, and to add a spoilation claim – are moot.

One final note. Since January 2000, plaintiff has filed six cases in the Northern District

of Illinois. <u>Farrar v. Glantz, et al.</u>, 00 C 275; <u>Farrar v. City of Chicago, et al.</u>, 00 C 1675; <u>Farrar v. City of Chicago, et al.</u>, 02 C 2914; <u>Farrar v. Bracamondes, et al.</u>, 03 C 5530; <u>Farrar v. Grochowiak, et al.</u>, 03 C 6193; <u>Farrar v. Eldibany, et al.</u>, 04 C 3371. Plaintiff alleged violations of her constitutional rights in all of these cases – usually against the City of Chicago or its employees. All of these cases, except <u>Farrar v. Grochowiak</u>, which is still pending, have been dismissed or disposed of on defendants' motions for summary judgment. The Seventh Circuit has made clear that the courts may take action to ensure that their resources are not squandered by a litigant's stream of meritless cases. <u>Alexander v. U.S.</u>, 121 F.3d 312, 316 (7th Cir. 1997)("Courts have inherent powers to protect themselves from vexatious litigation"). Courts may impose fines on abusive filers and bar them from bringing any new actions. *See* <u>Montgomery v. Davis</u>, 362 F.3d 956 (7th Cir. 2004). Before filing another complaint or motion, plaintiff would do well to consider the possible repercussions of unreasonable and repetitious litigation.

## CONCLUSION

For the foregoing reasons, defendants' motions are granted, and plaintiff's "Second Further Amended Complaint" is dismissed. Plaintiff's remaining motions are moot.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 14, 2004.